Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsels for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RENATO AFONSO ARRAES MENEZES NETTO SODRE, <br><br> *Plaintiff,* <br><br> v. <br><br> **MARKWAYNE MULLIN,** in his official capacity as Secretary, Department of Homeland Security; <br><br> **JOSEPH B. EDLOW,** in his official capacity as Director, U.S. Citizenship and Immigration Services; and <br><br> **CARRIE M. SELBY,** in her official capacity as Acting Associate Director, Service Center Operations, U.S. Citizenship and Immigration Services, <br><br> *Defendants.* | Case No. <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** (Administrative Procedure Act, 5 U.S.C. §§ 701–706; 28 U.S.C. § 2201) |

## I. INTRODUCTION

1. This action seeks judicial review under the Administrative Procedure Act ("APA"),

5 U.S.C. §§ 701–706, of U.S. Citizenship and Immigration Services' ("USCIS") final

agency action denying Plaintiff's Form I-140 petition seeking EB-1A classification under INA § 203(b)(1)(A), 8 U.S.C. § 1153(b)(1)(A), and 8 C.F.R. § 204.5(h).

2. Plaintiff filed Form I-140 on January 29, 2026 (Receipt No. IOE0935433020). USCIS issued a Notice of Intent to Deny ("NOID") dated February 18, 2026, Plaintiff responded March 16, 2026, and USCIS denied the petition by decision dated April 6, 2026.

3. USCIS conceded that Plaintiff satisfied three regulatory criteria at 8 C.F.R. § 204.5(h)(3): judging, authorship of scholarly articles, and leading/critical role.

4. Despite that concession, USCIS denied the petition on "final merits," imposing extra-regulatory demands untethered to the text of 8 C.F.R. § 204.5(h), including (among other things) publicity/attention thresholds and causation-of-acclaim requirements.

5. Under the APA, the Court must "decide all relevant questions of law" and "hold unlawful and set aside" agency action that is arbitrary and capricious, contrary to law, in excess of authority, or without observance of procedure required by law. 5 U.S.C. § 706.

6. Under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), courts must exercise independent judgment on questions of law and may not defer to an agency's interpretation simply because a statute or regulation is ambiguous; Chevron is overruled.

7. Plaintiff seeks declaratory and injunctive relief vacating USCIS's denial and remanding with instructions to approve, or alternatively for a lawful adjudication applying the correct legal standards and burden of proof.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1331 and the APA, 5 U.S.C. §§ 702–706, and may grant declaratory relief under 28 U.S.C. § 2201.

9. Venue is proper under 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to these claims occurred in this District, including adjudication and issuance of the NOID and denial decision from USCIS operations in Lincoln, Nebraska (USCIS, P.O. Box 82521, Lincoln, NE 68501-2521).

## III. PARTIES

10. Plaintiff Renato Afonso Arraes Menezes Netto Sodre is the beneficiary and self-petitioner of the Form I-140 petition at issue (Receipt No. IOE0935433020).

11. Defendant Joseph B. Edlow is sued in his official capacity as Director of USCIS.

12. Defendant Carrie M. Selby is sued in her official capacity as Acting Associate Director, Service Center Operations; the NOID and denial decision were issued under that office and signed by her.

13. Defendant Markwayne Mullin is sued in his official capacity as Secretary of the Department of Homeland Security ("DHS").

## IV. STATUTORY / REGULATORY FRAMEWORK AND BURDEN OF PROOF

14. EB-1A classification is governed by INA § 203(b)(1)(A) and 8 C.F.R. § 204.5(h).

15. The implementing regulation defines "extraordinary ability" as "[a] level of expertise indicating that the individual is one of that small percentage who has risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2).

16. Absent a one-time major internationally recognized award, eligibility may be established by satisfying at least three of ten criteria in 8 C.F.R. § 204.5(h)(3), followed by an overall assessment.

17. The applicable standard of proof in most administrative immigration proceedings is preponderance of the evidence ("more likely than not"). *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010).

18. Post-Loper Bright, USCIS receives no Chevron-style deference on questions of law; the Court must interpret the statute and regulation independently.

## V. FACTUAL BACKGROUND AND AGENCY ACTION

### A. Petition, NOID, Response, and Denial

19. Plaintiff sought EB-1A classification in business as a Training and Development Specialist.

20. USCIS issued a NOID acknowledging Plaintiff met three criteria but asserting he did not meet five others. (Exhibit A.)

21. Plaintiff responded with a detailed record submission arguing the correct burden (preponderance), the limits on extra-regulatory requirements after Loper Bright, and the persuasiveness of *Mukherji v. Miller* regarding unlawful burden elevation and failure to articulate a reasoned path. (Exhibit B.)

22. USCIS denied the petition on April 6, 2026, again conceding three criteria, rejecting the additional five, and denying at final merits. (Exhibit C.)

## VI. ISSUE-BY-ISSUE: NOID ISSUES, DENIAL QUOTES, PREPONDERANCE SHOWING, AND ULTRA VIRES DEMANDS

### A. Criterion (i): Lesser Nationally or Internationally Recognized Prizes or Awards (8 C.F.R. § 204.5(h)(3)(i))

23. USCIS acknowledged Plaintiff received a "Personality of the Year in Digital Influence" award (2024) but denied Criterion (i) because, according to USCIS, Plaintiff "has not presented materials showing that publications or news outlets with a national or international audience reported on the awards or their recipients, or other documentation confirming that these honors are accepted in the field as national or international recognition for excellence." (Ex. A at 3–4; Ex. C at 3.)

24. The regulation requires documentation of receipt of "lesser nationally or internationally recognized prizes or awards for excellence," not proof of press coverage about the awards or recipients. By making national/international press reporting a mandatory prerequisite, USCIS imposed an extra-textual evidentiary condition contrary to law.

### B. Criterion (ii): Membership in Associations Requiring Outstanding Achievements (8 C.F.R. § 204.5(h)(3)(ii))

25. USCIS denied Criterion (ii) while announcing categorical rules not found in the regulation, stating: "Requirements that only include employment or activity in a given field; minimum education, experience, or achievement; recommendations by colleagues or current members; or payment of dues do not satisfy this criterion." (Ex. A at 5; Ex. C at 4–5.)

26. USCIS further faulted the association's governance documents, stating the Articles of Association did not provide criteria and that "No such act was provided." (Ex. A at 5; Ex. C at 5.)

### C. Criterion (iii): Published Material About the Alien in Major Media (8 C.F.R. § 204.5(h)(3)(iii))

27. USCIS recited that published material must include "title, date, and author" and asserted that to qualify as major media "the publication should have significant national or international distribution." (Ex. A at 5–6; Ex. C at 5–6.)

28. USCIS rejected multiple items for attribution and "comparative circulation data," and stated it would not credit "self-authored or marketing material," declaring: "USCIS does not accept self-authored or marketing material as probative for this criterion." (Ex. A at 5–6; Ex. C at 5–6.)

### D. Criterion (v): Original Contributions of Major Significance (8 C.F.R. § 204.5(h)(3)(v))

29. USCIS denied Criterion (v) by converting "major significance" into a field-wide replication requirement, stating: "To establish 'major significance,' evidence must show that a petitioner's work has been 'widely' adopted or replicated by people in the field who are unaffiliated with the petitioner." (Ex. A at 6; Ex. C at 6–7.)

30. USCIS further asserted Plaintiff "has not shown that his techniques have been widely adopted in his field, or that others in his profession have developed new tools or techniques based on his work." (Ex. A at 6; Ex. C at 6–7.)

### E. Criterion (ix): High Salary or Significantly High Remuneration (8 C.F.R. § 204.5(h)(3)(ix))

31. USCIS acknowledged Plaintiff earns above median but denied the criterion, stating: "He has not provided evidence showing that his salary, while above average, is high or significantly high in relation to others in his field," adding that Plaintiff "is an investor/part owner in the company that has offered him this salary." (Ex. A at 6; Ex. C at 7.)

## VII. FINAL MERITS IS ULTRA VIRES AS APPLIED, UNREASONED, AND A MOVING TARGET (POST-LOPER BRIGHT; PERSUASIVE UNDER MUKHERJI)

### A. USCIS imposed extra-regulatory "causation of acclaim" and "attention" tests at final merits

32. In final merits reasoning, USCIS faulted Plaintiff for not proving publicity/attention thresholds, asserting: "The record does not show that the petitioner's receipt of this award attracted a great deal of attention in his field." (Ex. A at 7; Ex. C at 8.)

33. USCIS also introduced a causation-of-acclaim requirement not found in INA § 203(b)(1)(A) or 8 C.F.R. § 204.5(h), stating Plaintiff "did not provide any evidence showing that he was selected to appear in them because of his existing great levels of acclaim in the field, nor that the items were distributed in such a manner that he accrued significant acclaim as a result." (Ex. A at 7; Ex. C at 8.)

34. USCIS repeated the same extra-textual logic for judging, stating Plaintiff "did not provide any evidence showing that acting in this capacity brought him particular acclaim, nor that he was asked to do so because of his existing high level of acclaim." (Ex. A at 8; Ex. C at 8.)

### B. USCIS rejected persuasive Nebraska authority and relied on "not bound" rhetoric rather than reasoned analysis

35. Plaintiff raised *Mukherji v. Miller*, No. 4:24-cv-03170 (D. Neb. Jan. 28, 2026), in the NOID response as persuasive authority constraining burden elevation and requiring a reasoned path. (Ex. B.)

36. USCIS responded by stating: "USCIS is not bound to follow the decisions of a United States district court in cases arising within the same district…." (Ex. C at 9.) USCIS did not appeal *Mukherji* to the Eighth Circuit, and Defendants cite no Eighth Circuit authority rejecting its reasoning; at minimum, it remains unreversed persuasive authority in this District.

37. This "not bound" statement does not supply a reasoned explanation tethered to the regulation's text and does not cure the ultra vires additions described above; nor does it identify any contrary appellate authority undermining *Mukherji*'s analysis. Post-Loper Bright, the Court decides legal meaning independently.

## VIII. CAUSES OF ACTION

### COUNT I — Agency Action Not in Accordance with Law / In Excess of Authority (5 U.S.C. § 706(2)(A), (C))

38. Plaintiff incorporates paragraphs 1 through 37.

39. USCIS denied the petition by imposing ultra vires, extra-textual conditions not found in 8 C.F.R. § 204.5(h), including (a) requiring national/international news reporting of awards; (b) imposing comparative circulation demands untethered to the regulation; (c) requiring field-wide replication by unaffiliated persons for "major significance"; and (d) imposing "selected because of acclaim" causation requirements at final merits. (Ex. A; Ex. C.)

40. Under Loper Bright, the Court must interpret the statute and regulation independently and set aside these extra-textual constructions.

### COUNT II — Arbitrary and Capricious Agency Action (5 U.S.C. § 706(2)(A))

41. Plaintiff incorporates paragraphs 1 through 40.

42. USCIS's decision is arbitrary and capricious because it relied on moving-target "attention/acclaim" thresholds, imposed non-textual causation requirements, and failed to provide a reasoned explanation connecting the record to the outcome. (Ex. A; Ex. C.)

### COUNT III — Failure to Apply Preponderance Standard / Unlawful Burden Elevation (5 U.S.C. § 706(2)(A))

43. Plaintiff incorporates paragraphs 1 through 42.

44. Plaintiff invoked the controlling preponderance standard under *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010). (Ex. B at 2.)

45. USCIS nonetheless demanded heightened forms of proof (press coverage, comparative circulation, and causation-of-acclaim) inconsistent with "more likely than not," thereby elevating the burden unlawfully. (Ex. A; Ex. C.)

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare USCIS's April 6, 2026 denial unlawful under the APA;

B. Vacate and set aside the denial decision;

C. Remand with instructions to approve Plaintiff's I-140 EB-1A petition, or alternatively remand for lawful adjudication under the correct legal standards;

D. Award costs and reasonable attorneys' fees under 28 U.S.C. § 2412 and other applicable authority; and

E. Grant such other relief as the Court deems just and proper.

DATED: May 18, 2026

Respectfully submitted,

<u>/s/ Marcelo Gondim</u>
Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Attorney for Plaintiff

## EXHIBITS

**Exhibit A:** USCIS Notice of Intent to Deny ("NOID"), dated February 18, 2026.

**Exhibit B:** Plaintiff's response to the NOID, submitted March 16, 2026.

**Exhibit C:** USCIS denial decision, dated April 6, 2026.